**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0299-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TYHAN BROWN, a/k/a/
TYHAM BROWN,

    Defendant-Appellant.

---

Submitted May 19, 2026 – Decided August 10, 2026

Before Judges Gooden Brown and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 16-12-3622.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a supplemental brief on appellant's behalf.

PER CURIAM

Defendant Tyhan Brown appeals from a July 31, 2024 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

In 2018, a jury convicted defendant of conspiracy to commit murder, attempted murder, aggravated manslaughter as a lesser-included offense of murder, and related weapons offenses for his role in the shooting death of an innocent eight-year-old girl. Defendant was sentenced to an aggregate fifty-one-year prison term, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, on the attempted murder and aggravated manslaughter convictions. We affirmed defendant's convictions, but remanded for resentencing solely for the trial judge to address the overall fairness of the sentence pursuant to State v. Torres, 246 N.J. 246 (2021). On remand, the judge imposed the same sentence. The Supreme Court denied defendant's ensuing petition for certification. State v. Brown, 249 N.J. 442 (2022).

We incorporate by reference the evidence adduced at trial, summarized in our prior opinion. State v. Brown, No. A-0876-18 (App. Div. Oct. 8, 2021) (slip op. at 4-12). Pertinent to this appeal, on August 24, 2016, at approximately 8:30

2

p.m., Gabrielle Hill-Carter (Gabby) was fatally shot in the head in front of her home and died two days later. Id. at 4. The State alleged defendant killed Gabby while attempting to target a rival gang member, Amir Dixon. Id. at 4-5. The State further asserted defendant and Dixon were involved in "an ongoing gang-related dispute documented on social media." Id. at 5.

During the multiday trial, the State presented the testimony of defendant's friend, John Burgos, who claimed he had no recollection of his prior statement to police. Id. at 10. At sidebar, during direct examination, trial counsel requested a Gross[1] hearing, but the court denied his application. Ibid. At the conclusion of the State's questioning, the court granted trial counsel's application to admit the unredacted video recording of Burgos's statement "in lieu of a Gross hearing being conducted." Id. at 11. In his statement, Burgos said defendant told him that he tried to shoot Dixon, but his weapon jammed. Ibid.

The State also called Michael Jones, who denied some of his prior statements to police. Ibid. Following a Gross hearing, Jones' recorded video statements with redactions were played for the jury. Id. at 11-12. We glean from the record, in an unredacted portion of his statement, Jones told police he

_____

[1] State v. Gross, 121 N.J. 1 (1990).

A-0299-24

was not present at the shooting, but his friend Ralph Johnson told him defendant and others shot at Johnson and Dixon, ultimately striking Gabby. On cross-examination Jones claimed his statements were all "hearsay and lies." Id. at 12.

The State also called FBI Special Agent William Shute who testified his forensic analysis of defendant's phone revealed it was "in 'close proximity' to the murder scene" at the time of the shooting. Id. at 9. Although there were no eyewitnesses to the shooting, the State presented the testimony of defendant's cellmate, Emmett Tolbert, who testified defendant told him he shot a gang member with a revolver. Ibid.

On direct appeal, defendant argued the trial court erroneously admitted "'multiple inadmissible hearsay statements' during the testimony of Jones [and] Burgos." Id. at 12. We rejected defendant's argument, concluding the judge properly determined Jones' "prior statements were admissible subject to redaction" because Jones was "feigning ignorance" on the witness stand. Id. at 14-15. We noted Jones' reference to Johnson's statement was "fleeting in the context of Jones' entire statement, was confusing as to whom it accused of the shooting, and its admission was not plain error." Id. at 15 n.6. We also concluded any error in the introduction of Burgos's statement was harmless

4

A-0299-24

under the invited error doctrine because defense counsel asked the judge to play Burgos's unredacted recorded statement in open court. Id. at 15.

Defendant filed a timely self-represented petition for PCR without specifying a ground for relief. Thereafter, assigned counsel filed a brief on defendant's behalf, contending trial counsel was ineffective by failing to: (1) object to hearsay and prejudicial statements contained in the recorded statements of Jones and Burgos; (2) present evidence to explain defendant's cell phone was located near the crime because his family lived nearby, supported by his affidavit stating he informed trial counsel his family resided near the crime scene; and (3) object to the prosecutor's remark in summation that defendant was present at the crime scene and a bullet was fired from his direction.

During oral argument on the petition, PCR counsel explained defendant's "main argument" was trial "counsel not only didn't object to very prejudicial, non-probative testimony, in fact, he asked the court to admit it." PCR counsel elaborated:

> And the issue is not whether the hearsay statements themselves should have come in, because that's already been decided by the Appellate Division.
>
> The issue is whether the prejudicial statements within those hearsay statements should have been objected to, should have been excised through a Gross hearing, and that was not raised on appeal at all. The

5

troubling statements were that the witness, Mr. Burgos, was afraid . . . defendant would kill him for cooperating. He said, "I fear for my life" nine times . . . in his statement. He said, "I'm scared they will hurt me. I'm scared to say what happened. I'm just scared man. I'm scared, bro. I'm scared, honestly, man. They will kill me, man."

. . . .

And the witness, Mr. Jones, sort of corroborated that in his statement, saying, "No matter if you tell them that or not, he's not going to tell," referring to Burgos, "He can get tortured, you fuck around and get killed for that. He'd be risking his life."

All of that would be bad enough, would be prejudicial enough, has no probative value, but the detective made it worse. The detective said, "I know you're scared, I get it." He said that twice in Mr. Burgos's statement.

All of that together painted an inappropriate picture of [defendant] as dangerous, while adding nothing of evidential value. None of that had to do with whether [defendant] was present when Gabby . . . was shot. But then the detective made it worse, because he said to Mr. Burgos, "I understand you're scared. As of right now, today, I'm telling you, you will not go to Camden County, okay?" So that emphasized that Mr. Burgos should be scared, but also told the jury that the defendant was incarcerated. It was tantamount to bringing him out in an orange jumpsuit.

Of course, highly prejudicial evidence with no probative value is not admissible, and evidence that a defendant is generally dangerous is not admissible under Rule 404. So, it's not that the statement should've

6

come in, but his lawyer should've asked for a <u>Gross</u> hearing. And I submit to the court that, with a proper <u>Gross</u> hearing, that evidence would have come out.

In addition – I've tried many, many, many, many, cases in this county. It's my experience that, with statements like that, the prosecutors and the defense lawyers can agree that that type of statement should come out. And there was no effort made in that regard in this case. . . . [S]o, just in general, everything that the lawyer did, allowing that in, was prejudicial. It was not admissible, and should have been excised, and the failure to do that was ineffective.

In response to the judge's observation that trial counsel's decisions may have been trial strategy, PCR counsel emphasized she was not arguing the statement should not have been admitted, but rather a "reasonable [trial attorney] would've cleaned up the statement" or requested a <u>Gross</u> hearing.

Following arguments, the PCR judge, who was not the trial judge, reserved decision. On July 31, 2024, the judge rendered an oral decision and memorializing order.[2]

Initially, the PCR judge was not convinced trial counsel's performance was deficient for failing to object to Jones' statements. Citing our prior opinion, the judge found trial counsel should have objected to the introduction of Jones'

---

[2] At the end of his decision, the judge stated a written decision would be issued, but a written decision was not provided on appeal.

A-0299-24

statement, but "the objection would have been ultimately overruled." The judge further found, "the clear decision of [trial] counsel to omit [sic] the statement [of Burgos] in its entirety" without redactions "was trial strategy." Accordingly, the judge found trial counsel's strategic decision was entitled to "great discretion" under the governing law.

Next, the PCR judge addressed defendant's claim trial counsel failed to support his claim that his family lived near the crime scene to counter the State's evidence his phone was in the vicinity of the murder scene at the time of the shooting. Because defendant failed to provide certifications from potential witnesses or other evidence of his family's residence, the judge held his claim was an improper "bald assertion" as it was not supported by affidavit or certification. See R. 3:22-10(c); see also State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Lastly, the PCR judge was not persuaded trial counsel's performance was deficient for failing to object to the prosecutor's closing remarks. Quoting State v. R.B., 183 N.J. 308, 330 (2005), the judge noted "so long as he or she stays within the evidence and the legitimate inferences therefrom, the prosecutor is entitled to wide latitude in his or her summation." The judge found the prosecutor's argument that the bullet most likely came from defendant's

8

direction was "reasonably base[d] on circumstantial evidence presented at trial." Accordingly, the judge determined "any objection or . . . request for a corrective instruction would have been denied by the trial court."

On appeal, defendant raises the following points for our consideration[3]:

POINT I

DEFENDANT DEMONSTRATED PRIMA FACIE CLAIMS OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, ENTITLING HIM TO AN EVIDENTIARY HEARING.

[A].   TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE BY FAILING TO OBJECT TO AND BY STIPULATING TO THE ADMISSION OF MULTIPLE HEARSAY STATEMENT[S] AND HIGHLY PREJUDICIAL TESTIMONY. [(Partially Raised Below).]

[B].   TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE BY FAILING TO PRODUCE EVIDENCE TO REBUT THE CELL SITE EVIDENCE OFFERED BY THE STATE.

[C].   TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE BY FAILING TO OBJECT TO THE STATE'S CLOSING STATEMENT.

---

[3] We redesignate the point headings and subheadings for ease of reference.

A-0299-24

For the first time on appeal, in his self-represented brief, defendant further asserts:

POINT [II]

TRIAL COUNSEL WAS INEFFECTIVE FOR NOT OBJECTING TO THE EXPERT'S NET OPINION WHICH VIOLATED N.J.R.E. 702 AND N.J.R.E. 703. (Not Raised Below).

POINT [III]

TRIAL COUNSEL WAS INEFFECTIVE FOR NOT OBJECTING TO THE EXPERT'S HEARSAY TESTIMONY.
(Not Raised Below).

II.

We review a judge's decision denying a PCR petition without a hearing for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). "Where, as here, the PCR court has not conducted an evidentiary hearing, we review its legal and factual determinations de novo." State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020); see also State v. Nash, 212 N.J. 518, 540-41 (2013).

When petitioning for PCR, the defendant must establish "by a preponderance of the credible evidence" entitlement to the requested relief. Nash, 212 N.J. at 541 (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). Our

10

rules anticipate the need to hold an evidentiary hearing on a PCR petition, "only upon the establishment of a prima facie case in support of [PCR]." R. 3:22-10(b). "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" State v. Porter, 216 N.J. 343, 355 (2013) (emphasis added) (quoting R. 3:22-10(b)).

To succeed on an ineffective assistance of counsel claim, a defendant must initially show "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." State v. Fritz, 105 N.J. 42, 52 (1987) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)). Secondly, a defendant must show by a "reasonable probability" the deficient performance affected the outcome. Id. at 58. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." State v. Pierre, 223 N.J. 560, 583 (2015) (quoting Strickland, 466 U.S. at 694; Fritz, 105 N.J. at 52).

To satisfy the first Strickland prong, "a defendant must overcome a 'strong presumption' that counsel exercised 'reasonable professional judgment' and 'sound trial strategy' in fulfilling his [or her] responsibilities." State v. Hess, 207 N.J. 123, 147 (2011) (quoting Strickland, 466 U.S. at 689-90). "[I]f counsel

11

makes a thorough investigation of the law and facts and considers all likely options, counsel's trial strategy is 'virtually unchallengeable.'" State v. Chew, 179 N.J. 186, 217 (2004) (quoting Strickland, 466 U.S. at 690-91).

Nonetheless, "[c]ertain factual questions, 'including those relating to the nature and content of off-the-record conferences between defendant and [the] trial attorney,' are critical to claims of ineffective assistance of counsel and can 'only be resolved by meticulous analysis and weighing of factual allegations, including assessments of credibility.'" Porter, 216 N.J. at 355 (second alteration in original) (quoting State v. Pyatt, 316 N.J. Super. 46, 51 (App. Div. 1998)). "These determinations are 'best made' through an evidentiary hearing." Ibid.

However, a PCR petitioner asserting "his [or her] trial attorney inadequately investigated his [or her] case, . . . must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Id. at 353 (quoting Cummings, 321 N.J. Super. at 170).

On appeal, defendant argues the PCR judge erroneously denied his petition without a hearing on his various claims for relief. Having reviewed the judge's decision in view of the governing law and the PCR record, we conclude the contentions raised in points IB and IC lack sufficient merit to warrant

A-0299-24

discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons expressed by the PCR judge. We also decline to consider defendant's newly minted contentions raised in his counseled and self-represented briefs. See State v. Witt, 223 N.J. 409, 419 (2015); R. 3:22-4(a). We focus instead on those reprised claims asserted in point IA.

In point IA defendant maintains trial counsel's performance was deficient for requesting the trial judge play Burgos's unredacted statement to police following the State's direct examination. Defendant also claims trial counsel's performance was deficient because trial counsel failed to object to the admission of hearsay and prejudicial statements admitted as part of Jones' redacted statements to police. For the first time on appeal, defendant contends trial counsel should have objected to the admission of prejudicial statements by Jones' mother, who was present during one of Jones' statements to police.

In his findings on trial counsel's introduction of Burgos's unredacted statement before the jury, the PCR judge concluded without reference to the record, counsel's decision "was trial strategy." Having considered the trial record, however, we are satisfied the judge's decision is supported by trial counsel's remarks at sidebar:

A-0299-24

[TRIAL COUNSEL]: Your Honor, as part of my cross-examination I want him to watch the video first because my questions are about that video.

. . . .

[TRIAL] COURT: Counsel, it's my understanding that you're requesting that the video that was alluded to be played before you cross-examine Mr. Burgos?

[TRIAL COUNSEL]: That's correct. I do have questions that I definitely want to ask Mr. Burgos but they're going to be based on what he just testified about and what he gave in the statement, and I was hoping that listening to the statement might refresh his recollection.

[TRIAL] COURT: All right. And at this point in time you have no objection to it being played in lieu of a Gross hearing being conducted?

[TRIAL COUNSEL]: That's indeed correct, Your Honor. Thank you.

Because trial counsel's strategy was apparent from the record, we discern no error in the PCR judge's decision denying a hearing on this basis. Indeed, in his summation, trial counsel attempted to demonstrate Burgos, not defendant, was involved in the shooting. As we recognized in our prior opinion, "there was significant direct and circumstantial evidence that defendant was part of a conspiracy to kill Dixon." Brown, slip op. 20. We therefore conclude defendant

14

did not demonstrate he was prejudiced by trial counsel's decision and, as such, he did not satisfy the second Strickland prong.

We reach a similar conclusion regarding defendant's challenges to Jones' statement. As the State effectively argues in its responding brief, because Jones' "statement was admissible, the failure to object would have had no impact on the outcome and therefore, it cannot be said counsel was ineffective." See Strickland, 466 U.S. at 694; Fritz, 105 N.J. at 52. Moreover, in our prior decision, we noted those portions relating to Johnson's hearsay statement were fleeting and did not rise to plain error. Brown, slip op. at 15 n.6. Here, we are satisfied defendant was not prejudiced by counsel's failure to object. See Strickland, 466 U.S. at 694; Fritz, 105 N.J. at 52.

We conclude the record supports the PCR judge's findings on defendant's remaining claims. Accordingly, we are satisfied from our review of the record defendant failed to make a prima facie showing of ineffectiveness of trial counsel under the Strickland/Fritz test. We therefore discern no abuse of discretion in the denial of defendant's PCR petition without an evidentiary hearing. See Preciose, 129 N.J. at 462-63.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

15